**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for Mr. Cesar Hernandez-Guillen

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CESAR HERNANDEZ-GUILLEN,<br><br>Defendant. | ) | CASE NO. 08cr0081-IEG<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |

**I.**

**FACTUAL & PROCEDURAL HISTORY**[1]

On November 7, 2007, immigration officers arrested Mr. Hernandez-Guillen just east of the Otasy Mesa Port of Entry. They did so suspecting that Mr. Hernandez-Guillen was in the country illegally. When first contacted by agents, Mr. Hernandez-Guillen gave inculpatory statements to agents. Later, during a formal interrogation, Mr. Hernandez-Guillen again made inculpatory statements to agents.

With previous counsel, Mr. Hernandez-Guillen agreed to waive indictment and was ultimately arraigned on an information in Case No. 07cr3287-IEG. After requesting and receiving

[1] The following facts are based on information provided by the government. Mr. Hernandez-Guillen does not admit their accuracy and reserves the right to challenge them.

new counsel, Mr. Hernandez-Guillen informed the government that he would not be pleading to the information in Case No. 07cr3287-IEG.[2]

On January 9, 2008, before the January 2007 Grand Jury, the government indicted Mr. Hernandez-Guillen on one count of attempted re-entry following deportation, in violation of 8 U.S.C. § 1326. Mr. Hernandez-Guillen has yet to be arraigned on this indictment. Anticipating re-appointment in this case, however, defense counsel files these motions.

## II.

## MOTION COMPEL DISCOVERY

Mr. Hernandez-Guillen requests the following discovery. His request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1) Brady Information. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under *Brady v. Maryland*, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(2) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

(3) Request for Preservation of Evidence. The defendant requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care

---

[2]Magistrate Judge Bencivengo appointed present counsel in Case No. 07cr3287-IEG on December 20, 2007.

of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party.

(4) Defendant's Statements. The defendant requests disclosure and production of all statements made by the defendant. This request includes, but is not limited to, the substance of any oral statement made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), and any written or recorded statement made by the defendant. Fed. R. Crim. P. 16(a)(1)(B)(i)-(iii).

(5) Tangible Objects. The defendant seeks to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). **This request specifically incorporates a request for a copy of Mr. Hernandez-Guillen's "A-File" and any tapes of any deportation hearing involving Mr. Hernandez-Guillen.**

(6) Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G).

(7) Witness Addresses. The defendant requests access to the government's witnesses. Thus, counsel requests a witness list and contact phone numbers for each prospective government witness. Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as government witnesses.

(8) Jencks Act Material. Mr. Hernandez-Guillen requests production in advance of trial of material discoverable under the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case. This request also includes production of transcripts of the testimony of any witness before the grand jury. *See* 18 U.S.C. § 3500(e)(1)-(3).

(9) Informants and Cooperating Witnesses. Mr. Hernandez-Guillen requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Hernandez-Guillen. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Hernandez-Guillen. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id.*

(10) Residual Request. Mr. Hernandez-Guillen intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

**III.**

**MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Hernandez-Guillen has received eighty pages of discovery. He requests leave to file further motions if necessary.

**IV.**

**CONCLUSION**

Mr. Hernandez-Guillen requests this Court grant his motions.

Respectfully submitted,

Dated: January 14, 2008

/s/ Robert H. Rexrode
**ROBERT H. REXRODE, III**
Attorney for Mr. Hernandez-Guillen
robert_rexrode@rexrodelawoffices.com